```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Nicole Brodeur, et al.

    v.                           Civil No. 07-cv-00206-JL

Claremont School District
et al.

### O R D E R

After today's hearing, an order will issue in the next week or so DENYING the defendant's motion for summary judgment as to Count 1, DENYING WITHOUT PREJUDICE the motion for summary judgment as to Counts 4 and 5 because discretionary function immunity does not apply to those counts, GRANTING summary judgment in favor of the defendants as to Counts 2, 3, and 6 through 11 (which has the effect of dismissing Grumman in his personal capacity), and reserving judgment as to availability of enhanced compensatory damages. By agreement of the parties, Nicole Brodeur, no longer a minor, will be added to the caption as a plaintiff.

The parties may address the following two legal issues, raised by the court during oral argument, through motions in limine: (1) whether it is the Brodeur parents, or Nicole herself, who is the proper plaintiff to recover the private

school tuition;[1] and (2) whether, in the event that Nicole is unable to prove conventional compensatory damages under Counts 4 and 5,[2] she may nonetheless recover enhanced compensatory damages under those counts.

New deadline for pretrial statements and motions in limine is June 15.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    June 5, 2009

cc:  Peter E. Hutchins, Esq.
     Donna-Marie Cote, Esq.
     Diane M. Gorrow, Esq.
     Corey M. Belobrow, Esq.

---

[1] This is a significant distinction, because if Counts 4 and 5 do not reach a jury, see Fed. R. Civ. P. 56, 50, the Brodeur parents will no longer be parties, because the summary judgment is being granted on the remaining state law claims.

[2] If the Brodeur parents are the proper plaintiffs as to the private school damages. Nicole will have no damages because (a) she will have no right to recover the tuition, and (b) she will be unable to recover emotional distress damages for the same reasons underlying summary judgment for the defendants on Count 10 (lack of expert testimony). There is no evidence of intentionally inflicted damage subsequent to or caused by the negligence alleged in Counts 4 and 5--failure to comply with the District sexual harassment policy. She will, however, be entitled to seek emotional distress damages under Count 1, the Title IX claim.